RECEIVED

FEB - 2 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CURTIS CORMIER | CIVIL ACTION NO. 11-1447 |
| VERSUS | JUDGE DOHERTY |
| WAL-MART STORES, INC., ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before this Court is the Report and Recommendation of the magistrate judge, in which the magistrate judge notes the recent amendment of the complaint in this matter destroyed diversity, and therefore recommends that the action be remanded [Doc. 31].[1] Defendants Wal-Mart Louisiana LLC and Wal-Mart Stores, Inc. filed objections to the magistrate judge's report [Doc. 32]. For the following reasons, this Court ADOPTS the magistrate judge's recommendation, with the following clarifications, and the instant matter is REMANDED to the 16th Judicial District Court for the Parish of St. Martin, Louisiana.

### I. Standard of Review[2]

Pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations

---

[1] Plaintiff's motion to remand appears in the record as Doc. 26.

[2] The factual background and procedural history have been succinctly set forth in the magistrate judge's Report and will not be reiterated herein.

made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

The magistrate judge concluded the order allowing the plaintiff to add non-diverse parties in this matter destroyed diversity, and this Court, as a result, lost subject matter jurisdiction. Therefore, the magistrate judge recommends this action be remanded to state court. Defendants object to remand of the matter, therefore, this Court has examined the entirety of the motion to remand *de novo*. *See Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983).

After review of the record in this matter, this Court adopts the recommendation of the magistrate judge with the following additions and/or clarifications.

Rule 15 of the Federal Rules of Civil Procedure states:

**(a) Amendments Before Trial.**

> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> > **(A)** 21 days after serving it, or
> >
> > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2)** *Other Amendments.* **In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.**

Fed. R. Civ. P. 15(a) (emphasis added).

Rule 7.6 of the Local Rules of the Western District of Louisiana supports Rule 15. It provides:

### LR7.6 Motions to Intervene, to Amend Pleadings and to File Third-Party Complaints

Prior to filing any motion for leave to intervene, to amend pleadings or to file a third-party complaint, the moving party shall attempt to obtain consent for the filing and granting of such motion from all parties having an interest to oppose. If such consent is obtained, the motion shall not be noticed for hearing but thereafter shall be filed, accompanied by a proposed order, with a statement of the consent of opposing counsel. No such motions, when required to be noticed for hearing, shall be accepted for filing unless accompanied by a certificate of counsel for the moving party to the effect that opposing counsel have refused to consent to the filing and granting of such motion. If the court finds that opposing counsel does not have a good faith reason for failing to so consent, the court may impose such sanctions as it deems proper.

Thus, Rule 7.6 requires that any party objecting to the underlying motion set forth a good faith reason for doing so. Additionally, Rule 7.6 makes clear only <u>opposed</u> motions for leave to amend are set for hearing.

Wal-Mart argues plaintiff's counsel did not provide a copy of the proposed amended pleading at the time he asked for consent to file the motion for leave, and therefore, Wal-Mart did not know the proposed amended pleading added non-diverse defendants. In support of this argument, counsel for Wal-Mart attaches an email from plaintiff's counsel, in which plaintiff's counsel inquired: "Please advise as to whether or not you consent to my Motion for Leave to file an amended complaint." Counsel for Wal-Mart acknowledges he gave consent to the filing of the motion for leave and does not indicate whether he asked about the contents of the amended complaint before consenting to the filing of the motion for leave. Had he done so, counsel for Weal Mart would have known the contents of the amending complaint at that time.[3] Thus, it appears counsel for Wal-Mart did not ask about the nature of the underlying motion before giving his consent.

---

[3] Additionally, this Court notes at the time plaintiff filed his motion for leave, plaintiff was required by local rule to attach a copy of the proposed amended complaint, which he did. At that point, the contents of the proposed amended complaint were a matter of record.

In essence, Wal-Mart argues a mistake of fact concerning the nature of the consent it gave. Wal-Mart argues it did not intend to give consent to the underlying motion to amend, but rather, only gave its consent to the plaintiff's filing a motion for leave. The procedural reality for this Court is that plaintiff filed an unopposed motion for leave to amend his complaint, which, because it was unopposed, was summarily granted by the magistrate judge. Furthermore, the record shows when faced with the addition of non-diverse parties by way of the amended complaint, Wal-Mart did not immediately challenge the addition of the non-diverse parties. Rather, Wal-Mart waited until plaintiff filed a motion to remand for lack of complete diversity to raise its untimely objection to the amendment, arguing lack of consent and argued fraudulent joinder. Procedurally, however, the amendment had been perfected, and the presence of the additional non-diverse parties destroyed this Court's subject matter jurisdiction. Without subject matter jurisdiction over the case, this Court is without jurisdiction – except in limited circumstances not applicable herein -- to rule on Wal-Mart's motion to dismiss the non-diverse parties.

Wal-Mart's argument that it consented to the filing of plaintiff's motion for leave, but did not consent to the underlying motion to amend, is strained, at best. Furthermore, the reality for this Court is that the unopposed amendment was allowed, and the Court, at this juncture, lacks subject matter jurisdiction over the matter.

Finally, any argument made by Wal-Mart that any non-diverse parties were fraudulently or improperly joined to defeat diversity are misplaced. The fraudulent joinder doctrine does not apply to joinders that occur after an action has been removed. As the Fifth Circuit stated in *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009):

> In *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir.1999), this court held that

4

"[t]he fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed." *Id.* at 677 (emphasis in original). Instead, the doctrine permits courts to ignore "only those non-diverse parties *on the record in state court at the time of removal.*" *Id.* The *Cobb* court reasoned that, when a non-diverse defendant is named in an original state court action to prevent removal, the diverse defendant has no opportunity to contest joinder before it occurs and must rely upon the fraudulent joinder doctrine. *Id.* at 678. In contrast, a diverse defendant can argue that a *post-removal* joinder is improper *before* the court grants the plaintiff leave to amend. *Id.* Thus, once a court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is not thereafter available, "[t]he court [loses] subject matter jurisdiction," and remand is required pursuant to 28 U.S.C. § 1447(e).[FN1] *Id.*

Considering the foregoing, this Court concludes it lacks subject matter jurisdiction over the instant case, and the Motion to Remand [Doc. 26] is GRANTED. The Clerk of Court shall remand the instant lawsuit to the 16th Judicial District Court for the Parish of St. Martin, Louisiana.

As this Court lacks subject matter jurisdiction over the instant case, this Court declines to rule on defendants' Motion to Dismiss Improperly Joined Defendant [Doc. 28].

THUS DONE AND SIGNED in Lafayette, Louisiana, this 2 day of February, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE